IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOHN JOSEPH GIVS | § | |
| VS. | § | CIVIL ACTION NO. 1:13cv467 |
| UNITED STATES OF AMERICA | § | |

## ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant John Joseph Givs, a federal prisoner, proceeding *pro se*, brought this Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the motion be dismissed based on limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record and pleadings. Movant filed objections to the Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

Movant's original motion was based on the Supreme Court ruling in *Alleyne v. United States*, __ U.S. __, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), in an attempt to circumvent the applicable one-year statute of limitations. However, as the Magistrate Judge determined, *Alleyne* does not apply retroactively on collateral review. *See United States v. Olvera*, 775 F.3d 726, 730-31 (5th Cir. 2015). Accordingly, after careful consideration, the court concludes movant's objections should be overruled. Movant's claims are barred by the applicable one-year statute of limitations as the Magistrate Judge determined.

Additionally, movant filed an amended pleading in which he claims his sentence is unconstitutional in light of the recent Supreme Court decision in *United States v. Johnson*, __ U.S. ___, 135 S.Ct. 2551 (2015). The Supreme Court recently decided *Johnson* was retroactively applicable to cases on collateral review. *See Welch v. United States*, __ U.S. __, 136 S.Ct. 1257,

1260-68 (2016). Movant contends his prior conviction for possession of a deadly weapon in a penal institution can no longer be considered a violent felony under the Armed Career Criminal Act ("ACCA").

The government was ordered to show cause why relief should not be granted. In response, the government asserts movant was not sentenced under the Armed Career Criminal Act. The government agrees that had movant been sentenced under the ACCA, he would be eligible for relief under *Johnson*. However, the government contends because movant's sentence was not enhanced under the ACCA, *Johnson* has no effect on movant's sentence. Movant has not filed a response.

A review of the proceedings in this action reveals movant's claim is without merit. In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague.

On November 2, 2009, following a plea of guilty, movant was convicted of Possession of Ammunition by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1). In exchange, the government agreed to dismiss the remaining charge against movant.

Based on movant's criminal history, the Presentence Investigation Report ("PSR") determined movant qualified for classification as an armed career criminal within the meaning of U.S.S.G. § 4B1.4. However, movant's classification as an armed career criminal would have exposed him to a mandatory minimum sentence of 180 months' confinement. *See* 18 U.S.C. § 924(e)(1).

In the Court's Statement of Reasons, the Court found it would be improper to apply the ACCA enhancement, and it sentenced movant to the statutory maximum for the offense of conviction, 120 months. Because movant's sentence was not enhanced pursuant to the Armed Career Criminal Act and was not increased above the statutory maximum for the offense of conviction, *Johnson* does not apply.[1] Movant's argument that his sentence was otherwise improperly

---

[1] To date, no Supreme Court or published Fifth Circuit case has specifically held that *Johnson* applies to Sentencing Guideline provisions. *See United States v. Gonzalez-Longoria*, __ F.3d __, 2016 WL 4169127, at *6-11 (5th Cir. Aug. 5, 2016) (en banc) (Jones, J., concurring) (citing cases).

calculated is not cognizable on collateral review. *See United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995) ("A district court's calculation under or application of the sentencing guidelines standing alone is not the type of error cognizable under section 2255."); *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (holding that a district court's technical application of the Sentencing Guidelines does not give rise to a constitutional issue or a claim for relief cognizable under 28 U.S.C. § 2255). Accordingly, movant is entitled to no relief.

Furthermore, movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, movant has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the movant are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, movant has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

O R D E R

Accordingly, movant's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

So **ORDERED** and **SIGNED** this **28** day of **September, 2016.**

_____
Ron Clark, United States District Judge